UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DAVID R. SALINAS, TDCJ # 1700761,** § § | |
| **Plaintiff** § § | |
| v. § § | **Civil Action** |
| | **No. SA-13-CA-10-DE** |
| **T.D.C.J. CLASSIFICATION & RECORDS** § | |
| **SUPERVISOR CHARLEY VALDEZ and** § | |
| **CLASSIFICATION & RECORDS** § | |
| **DIRECTOR JONI WHITE,** § § | |
| **Defendants** § | |

# D I S M I S S A L   O R D E R

Before the Court is Plaintiff David R. Salinas' 42 U.S.C. § 1983 Civil Rights Complaint (Docket Entry # 2), Applications to Proceed In Forma Pauperis (IFP) (Entries ## 1 & 4), and Motion to File Amended Complaint (Entry # 8).

Salinas' IFP Application shall be granted. Pursuant to 28 U.S.C. § 1915, a prisoner who brings a civil action IFP must pay an initial partial filing fee and thereafter pay the balance of the $350 filing fee through monthly deductions from the prisoner's institutional trust fund account. Therefore *this Court assesses and directs Plaintiff shall pay an initial partial filing fee of $17.23 and the Texas Department of Criminal Justice Institutional Division (TDCJ-ID) shall deduct this sum from Plaintiff's institutional trust fund account and forward this sum to this Court (if no such funds are available, TDCJ-ID shall place a hold on the account in this amount and forward the funds when available). The balance of the $350 filing fee shall be paid in monthly installments as provided in 28 U.S.C. § 1915(b)(1). TDCJ-ID shall each month deduct twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate trust account and forward payments to the Court provided the account exceeds $10.00, until the balance is paid.*

Since 1991 Salinas has been serving twenty State sentences in the custody of TDCJ-ID or on parole. From July 31, 1992 until August 24, 1995, and from July 12, 2001 until September 13, 2002, Salinas was in federal custody serving a federal sentence for a total of 1,549 days. TDCJ-ID has calculated Salinas' federal and State sentences consecutively. Salinas contends however his federal and State sentences are concurrent, and the 1,549 days he served toward his federal sentence should also be credited toward his State sentences. Salinas seeks damages against the TDCJ-ID Classification & Records Director Joni White and Supervisor Charley Valdez for their computation errors.

When Salinas presented his time-credit issue to the State courts through a State habeas corpus application, the State trial court agreed with Salinas that he was entitled to the credit, *see Ex parte Salinas*, No. 1991-CR-1363-W1, Order of July 17, 2012 (Tex. 187th Jud. Dist. Ct.), however the Texas Court of Criminal Appeals denied his applications without written order on August 22, 2012, *see Ex parte Salinas*, Nos. 59,472-5, -6, -7, -8, -9, and -10. Because the Court of Criminal Appeals has the last word and denied relief, Salinas' State sentences remain in legal effect.

Salinas raised his time-credit and other related issues in at least five unsuccessful federal habeas corpus petitions. *See Rodriguez v. U.S.*, No. SA-2-CA-829-EP; *Salinas v. Quarterman*, No. SA-6-CA-565-OG; *Salinas v. Quarterman*, No. SA-7-CA-997-PAM; *Salinas v. Texas Parole Brd.*, No. SA-10-CA-983-XR; *Salinas v. Texas Parole Brd.*, No. SA-10-CA-984-XR.

Title 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) require this Court to screen a prisoner's IFP complaint and dismiss the complaint if the court determines it is frivolous or malicious or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and

"labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to state material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

Salinas' civil rights claim is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), where the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Because Salinas' civil rights claim necessarily implies the invalidity of his State sentences, and because his sentences have not been overturned or declared unlawful, his civil rights action is barred by *Heck v. Humphrey*. Furthermore, injunctive or declaratory relief invalidating Salinas' sentences are not available in this civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court held that where an inmate seeks early release from confinement, the inmate's sole remedy is through a writ of habeas corpus.

Salinas contends his sentences will soon expire, and the termination of his sentences makes it impossible to seek the invalidation of his sentences through habeas corpus, and thus *Heck* should

not apply.  This argument is without merit.  First, *Heck* applies in this Circuit to cases where the prisoner challenges an expired sentence.  *See Randall v. Johnson*, 227 F. 3d 300, 301 (5th Cir. 2000).  Second, Salinas cannot reasonably argue the termination of his sentences denied him an opportunity to challenge his sentences; this Court's denial of his five federal habeas corpus petitions show Salinas has had more than an adequate opportunity to present his claims through habeas corpus.

In his Amended Complaint Salinas contends: he is entitled to credit toward his State sentence for good-time and work-time while he was in federal custody in July 1992 through August 1995; he was entitled to release on mandatory supervision when his time served and good-time equaled his maximum term; he was denied mandatory supervision release without due process; and prison officials retaliated against him for his previous litigation efforts by placing him in administrative segregation for the previous fifty-four days.  To the extent that he challenges calculation of his sentence and the denial of release on mandatory supervision, these issues are barred by *Heck* for the reasons previously discussed.  Furthermore his retaliation claim is conclusory; there is no plausible reason why the Defendants would want to retaliate against Salinas for his previous unsuccessful litigation efforts.  *See Moody v. Baker*, 857 F. 2d 256, 258 (5th Cir. 1988).  His current § 1983 Complaint and his two most recent Habeas Corpus Petitions were dismissed before service on the State.  His complaint concerning being confined to administrative segregation for fifty-four days fails to state a non-frivolous civil rights claim.  *See Sandin v. Conner*, 515 U.S. 472, 483-87, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (prisoner's civil rights action alleging his due process rights were violated when he was placed in administrative segregation for thirty days for alleged violation of prison regulations did not amount to "atypical and significant hardship on the inmate in relation

to the ordinary incidents of prison life" and did not affect duration of his sentence and thus did not amount to the deprivation of a protected liberty interest as a basis for a due process action). Thus Salinas' Amended Complaint also fails to present a non-frivolous basis for a federal civil rights claim.

Accordingly, Plaintiff Salinas' Motions to Proceed IFP and to File Amended Complaint (Entries ## 1, 4 & 8) are **GRANTED**; Salinas' § 1983 Complaint is **DISMISSED WITH PREJUDICE pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) as frivolous and for failure to state a claim for relief**; and all other pending motions are **DENIED** as moot.

**The Clerk shall mail a copy of this Order to TDCJ Office of General Counsel, P.O. Box 13084, Austin, Texas, 78711, and TDCJ Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342. The Clerk of Court shall also send a copy of this Dismissal Order and the Judgment in this case to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so this case may be recorded in the "Three-Strikes List."**

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, March 5, 2013.

_____
David Alan Ezra
Senior United States District Judge